```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION
```

MAVERICK TUBE, LP and            )
TUBOS DEL CARIBE, LTDA,          )
                                 )
            Plaintiffs,           )
                                 )
       v.                         )        No. 4:07 CV 298 DDN
                                 )
WESTCHESTER SURPLUS LINES        )
INSURANCE COMPANY,               )
                                 )
            Defendant.            )

### MEMORANDUM AND ORDER TRANSFERRING ACTION

This matter is before the court for consideration of whether this action should continue to be stayed pending disposition of the related action in the Southern District of Texas, or dismissed, or transferred to that district court. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Following the entry of the Memorandum and Order by the District Court in the Southern District of Texas denying the motion to dismiss the Texas action and to transfer it to this court, the parties in this action have filed memoranda about the future of the case at bar. (Docs. 28, 29.)

As set out in the Memorandum and Order that this court issued on April 13, 2007, staying this action, plaintiffs Maverick Tube, LP (MTLP) and Tubos Del Caribe, LTDA (Caribe), brought this action for breach of contract and vexatious refusal to pay in bad faith against defendant Westchester Surplus Lines Insurance Company. In this action, plaintiffs allege that defendant issued to Maverick Tube Corporation (not a party in this action) two insurance policies in which the plaintiffs, who are subsidiaries of Maverick Tube Corporation, are Named Insureds.

Plaintiffs allege Caribe manufactures "casings" which MTLP purchases from it. MTLP sold these casings, in turn, to Independent Tubular Corporation, and Independent Tubular then sold these casings to Dominion Exploration & Production, Inc. Dominion used the casings in four separate natural gas wells. In September 2006, the casings in the wells broke and Dominion suffered property damage. Dominion has made

a claim for damages against the plaintiffs in this action in excess of $75,000.

Plaintiffs allege that on December 7, 2007, they made a written demand to defendant Westchester for insurance coverage under the policies. On January 25, 2007, defendant denied coverage.

Defendant Westchester moved to stay, dismiss, or transfer this action. Defendant argues that it brought a declaratory judgment action concerning the same policies against the plaintiffs' parent corporation, Maverick Tube, in the United States District Court for the Southern District of Texas on February 8, 2007, one day before plaintiffs commenced the instant action in this district.[1]

Plaintiffs in this case argue that the parties and the issues in the two lawsuits are not similar. They argue that in the Texas case, defendant Westchester sued Maverick Tube, the parent company, not MTLP or Caribe. MTLP and Caribe are the parties that manufactured and distributed the casings, and the parties are not substantially similar just because they are subsidiaries. They argue that the issues are different because the issue in the Texas case is whether there is even a case or controversy against Maverick Tube because it was neither the seller nor maker of the casings, and it has paid no monies and has not sought indemnification. Further, they argue that compelling reasons exist for maintaining the action in this forum. (Doc. 15.)

In the Texas case, Maverick Tube has moved to dismiss the Texas action, Cause No. H-07-0540. It argues that there is no case or controversy between it and Westchester. Further, it argues that because Westchester has denied the claim, a declaratory judgment action is no longer appropriate. Maverick Tube also moved to transfer venue, arguing that the insurance contract was entered into in Missouri, Maverick Tube and MTLP are located in Missouri, Missouri law applies, witnesses are in Missouri, and counsel is in Missouri. (Doc. 15 Attach. 3.) As stated above, the District Court in the Southern District of Texas

---

[1]In their response to defendant's motion, plaintiffs argue that they e-mailed Westchester in the morning of February 8, 2007, contesting the denial of coverage. Later that day, Westchester filed suit in Texas. (Doc. 15.)

denied the motion to dismiss the action or to transfer it to this court.

"The well-established rule is that in cases of concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.'" Northwest Airlines, Inc. v. Am. Airlines, Inc., 989 F.2d 1002, 1005 (8th Cir. 1993) (quoting Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985); Keymer v. Mgmt. Recruiters Int'l, Inc., 169 F.3d 501, 503 n.2 (8th Cir. 1999). In the absence of "compelling circumstances" the first-filed rule should apply. Northwest Airlines, 989 F.2d at 1005. A corollary to the "first filed" rule is the principle that the federal court in which the related case is first filed has the authority to enjoin the parties from proceeding in the later commenced action. Northwest Airlines, Inc., 989 F.2d at 1004. Two cases are related if "substantially the same parties litigate substantially the same issues in different forums." Scottsdale Ins. Co. v. Detco Indus., Inc., 426 F.3d 994, 997 (8th Cir. 2005); see also Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999) (noting two cases are related "if the issues raised by the cases substantially overlap.") Cases need not be identical to be duplicative. Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997).

Both sides have discussed at length whether the parties and the issues in the two cases are substantially similar. The court concludes from the entire record before it that, while the plaintiffs in this action are not parties in the Texas action, their parent company is the defendant there. Also, the parties and the issues are substantially related to a common subject matter: whether Westchester ultimately has insurance policy responsibilities for the losses suffered. Since the district court in Texas has decided to retain the action commenced in that court, upon Westchester's motion in this court the issue becomes whether this court should dismiss, stay, or transfer this action to the district court in Texas.

This court has concluded that this action should be transferred under 28 U.S.C. § 1404(a). Under that section, this court can transfer the action to the Southern District of Texas for the convenience of the parties, if this action could have been brought in that district

originally and if transfer would be in the interests of justice.  28 U.S.C. § 1404(a).

Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(a)(2).  In this case, the District Judge in Texas noted that "there were plenty of connections in Texas."  (Doc. 28, Ex. A at 13.)  Indeed, the casings that failed in the four natural gas wells, all failed in Texas.  (Doc. 9 at 2.)  These failings prompted the current action.  (Doc. 1 at 4-5.)  From the record it appears to this court that there are Texas connections to the facts of the case.  This action could have been brought in the Southern District of Texas.  Transfer of this action to that court will also protect against potentially inconsistent determinations of the parties' rights and transfer is indicated in the interest of judicial economy.

Therefore,

**IT IS HEREBY ORDERED** that, upon reconsideration, the motion of defendant Westchester Surplus Lines Insurance Company to transfer the action (Doc. 8) is sustained.  In all other respects, its motion is denied.

**IT IS FURTHER ORDERED** that this action is transferred to the United States District Court for the Southern District of Texas for further proceedings.


        /S/   David D. Noce  
        **UNITED STATES MAGISTRATE JUDGE**

Signed on August 6, 2007.